UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| GERALD HANIFEN, *et al.*, | : | Case No. 1:98-cv-972 |
| | : | |
| Plaintiffs, | : | Black, M.J. |
| | : | |
| vs. | : | |
| | : | |
| BALL CORPORATION, *et al.*, | : | |
| | : | |
| Defendants. | : | |

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on the parties' Joint Status Report, filed December 5, 2005. (Doc. 116.)

Plaintiffs brought this action alleging four grounds for relief: (1) the wrongful denial of pension and retirement benefits; (2) unlawful interference with their rights in violation of § 510 of the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1140; (3) breach of fiduciary obligations; and (4) breach of contract under § 301 of the Labor-Management Relations Act, 29 U.S.C. § 185.

By memorandum opinion and order issued on September 30, 2004, the Court granted in part and denied in part a motion by plaintiffs to reverse the decision of defendant Ball Corporation Employee Benefits Administration Committee ("EBAC") denying pension and retirement benefits. (*See* doc. 96). In its decision, the Court, in part, remanded the matter to EBAC for reconsideration of applications by the individual plaintiffs for certain early retirement benefits. (*Id.*)

On July 21, 2005, the Court issued a second memorandum opinion and order

disposing of all remaining claims. (Doc. 110).  The decision was accompanied by a judgment entry closing this case.  (Doc. 111).

This matter was reopened on plaintiffs' motion pending resolution of the matters remanded to EBAC, the plan administrator.  (*See* Docs. 113, 115.)  The Order reopening this case directed the parties to file the joint report which is now before the Court.

The parties state that EBAC has completed its review upon remand.  Plaintiffs indicate that they anticipate this case will be closed, and that any plaintiff who seeks further review will pursue an individual challenge to the new decision on his application.  Defendants ask that the case remain open for a finite period to allow such individuals to obtain review as part of this case.

Courts agree that remand is the appropriate remedy, as in this case, where it is found that an administrator's procedural failings prejudiced the claimants.  *See DiGregorio v. Hartford Comprehensive Employee Benefit Serv. Co.*, 423 F.3d 6, 10 (1st Cir. 2005).  There is no authority, however, providing that the district court should maintain jurisdiction *ad infinitum* until parties are wholly persuaded that the administrator's review on remand satisfied procedural requirements under ERISA.

Accordingly, as no matters remain pending for the Court's review, **IT IS HEREIN ORDERED THAT** this case is **CLOSED.**  A final judgment will be entered separately.

**IT IS SO ORDERED.**

Date:   3/13/06              s/Timothy S. Black
                             Timothy S. Black
                             United States Magistrate Judge